## CLARK v. THOMPSON.

Husband and wife, holding under a conveyance to them, sealed articles reciting a sale by them, in consideration of a certain sum of money, and of certain quantities of grain yearly, during their joint lives, with two acres of land for the same term, in consideration whereof, the husband leased, demised, &c. The wife, not having acknowledged the articles under the statute, survived the husband and received the stipulated returns for two or three years, when she was ejected from the two acres, and the returns were not paid. She is entitled to recover in ejectment, from those having no other title than under the articles, and denying her right.

IN error from the Common Pleas of Westmoreland.

Ejectment. The evidence in this case established that a conveyance (now lost) had been made to James Clark and Fanny his wife (the present plaintiff) of the land in question.

In 1825, they executed articles reciting the sale by them of the premises to Best, in and for the consideration of $10 in hand paid by said Best to said Clark, and the third part of all the produce

said Best shall raise year and yearly, or otherwise (certain quantities of grain). "If the third is to be paid, said Clark is to take the grain in the shock during his or her, the said James and Fanny Clark's, natural lives, with two acres of land about the said Clark's house, with wood and water, and all the privileges thereto during his or her natural lives, and said Clark is to have or claim no part or share of said·Best's garden or produce thereof. In consideration of the said Peter Best's fulfilling the above articles of agreement, the said James Clark, sen'r., doth lease, demise, and quit claim for himself, his heirs or. assigns, for ever—and the said Best is to have and to hold the same piece or parcel of land as above mentioned."

This instrument was proved and recorded, but not acknowledged. The defendant was a purchaser under Best, with knowledge of the plaintiff's claim. It was also shown that Best had, after the death of plaintiff's husband, turned her out of the cabin built on the two acres mentioned in the articles; and the stipulations in her favour had not been performed but for two or three years after her husband's death, which was twenty years before the trial.

The defendant set up an independent title, but the jury negatived the facts on which it rested.

The Court (KNOX, P. J.) instructed the jury that the meaning to be attached to the word "consideration" in the articles was "upon condition:" that for the want of an acknowledgment the wife's interest did not pass, nor had she affirmed the conveyance by receiving for two or three years the stipulated returns, and that she could recover unless defendant had a better title.

*Foster*, for plaintiff in error.—The sale was an absolute one, and the plaintiff is estopped from recovering: 9 W. 15; 8 Cow. 295; Touchst. 235, 255. She is barred by her confirmation after her husband's death: 7 S. & R. 62; 10 Ib. 114; 9 Barr, 299. If she was entitled at all, it was for breach of condition, and there was no entry here before suit brought: 5 S. & R. 375; 5 Mass. 321; 1 Conn. 78.(a)

*Laird* and *Burrell*, contrâ.—The estate survived to the wife, and her deed when covert was void not voidable: 2 Camp. 272; nor are there any words purporting to pass her interest: 9 Mass. 218;

---

(a) It did not appear from the record, that this point had been raised below.

13 Ib. 223; 13 Pick. 382. Being seised with his wife, he could not convey without her consent: 2 Kent's Com. 132; 19 Wend. 175; and that can only be evidenced by her acknowledgment under the statute. Being thus void, it could not be confirmed: 7 Barr, 53; Co. Litt. 295, § 515. If, however, it was confirmed as a lease, that was avoided by the denial of title and disclaimer: 4 Kent, 121, 123; 8 Watts, 131; 17 Johns: 66. It is to be observed, that, by the verdict, defendant has no other title than under these articles.

BURNSIDE, J. (after stating the facts.)—Our law is, that where husband and wife take to themselves an estate jointly, they have not several estates, but, on the death of either, the whole estate belongs to the survivor: 8 Coke, 716; 2 Vern. 120; 2 Cruise Dig. 441; Robb v. Beaver, 8 W. & S. 107. They are tenants by entirety, and have the right of survivorship which is incident to such an estate. I shall not attempt taking up the alleged errors in detail, or to follow the learned counsel in their arguments. At one time they contend that the agreement gives them absolute estate in the premises; that it has been ratified and confirmed by Fanny, by her receiving grain after the death of her husband, and hence their estate is in fee. The next moment they attempt to destroy this title by setting up a sale and purchase of a treasurer's title on a sale for taxes on a prior warrant and survey on the same land, which they say existed, to Peter Best, before his agreement with James Clark and wife, and older than the improvement with Baker, which Clark bought to make way for his warrant and survey. No attempt is made to fulfil the agreement with Clark and wife in 1822. They drove her out of her cabin and two acres, which was removed, and in a short time it is reduced to ashes. The answer to all the points made is plain and simple. The defendant came in under the title of Clark and wife, upon certain conditions, which they refuse to fulfil. They deny her right, yet they say they have a grant of that right in fee; but when that grant comes to be examined, the law in its wisdom replies to them, that when Fanny Clark signed the agreement, she was a *feme covert;* as to her it was void, and the law cast the estate upon her on the death of her husband, when she became *feme sole;* it did not bind her, she never acknowledged it as the statute requires. If they had suffered this lone woman to remain in her cabin, and paid her the rent the agreement required, there is no doubt she would have been satisfied.

But such are the ways of a just and wise Providence, and the excellence of our laws, that weakness and dishonesty generally punish themselves.

The judgment is affirmed.